**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRIS SOBSCAK, | ) | |
| | ) | 07 C 7077 |
| Plaintiff, | ) | |
| | ) | Judge Manning |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | |
| POLICE OFFICER J.J. PEREZ, Star No.17181, | ) | |
| and CHICAGO POLICE OFFICER J.L. CORTES, | ) | Jury Demand |
| Star No. 16012, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND**
**JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City

of Chicago, for its answer to Plaintiff's Complaint, states:

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under

color of law of Plaintiffs' [*sic*] rights as secured by the United States Constitution.

**ANSWER:**     The City admits the allegations in this paragraph, but denies any wrong doing.

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and

1367.

**ANSWER:**     The City admits the allegations contained in this paragraph.

3.     Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district

and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to

whether the Plaintiff resides in this judicial district.  The City admits the remaining allegations in

this paragraph.

## Parties

4.     At all times relevant hereto, Plaintiff Chris Sobscak was a 24 year-old male resident of Chicago, Illinois.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5.     At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**    The City admits that Defendant Officers Perez and Cortes were employed by the City as police officers at all times relevant to the Complaint.  The City further admits, on information and belief, that at all times relevant to the Complaint, Defendant Officers Perez and Cortes were acting in the scope of their employment and under color of state law.   The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois.  The City further admits that Defendant Officers Perez and Cortes are employed by the City as police officers.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## Factual Allegations

7.     On or about December 18, 2006, Plaintiff was a passenger in his vehicle, which was parked near 3100 W. 58th St., Chicago, Illinois 60629.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2

8.    At this time, Defendant Officers approached the vehicle and ordered Plaintiff out of his vehicle and proceeded to search Plaintiff without an arrest warrant, a search warrant, or probable cause to believe that Plaintiff had committed or was committing a crime.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9.    At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.    During this unconstitutional detention, one of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.    One or more of the Defendant Officers wrongfully impounded Plaintiff's vehicle.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12.    Following the unconstitutional search, Plaintiff was arrested and taken to the 8th District Chicago Police District where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 5570.0/402-C, and held in custody for approximately three weeks.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.    This false charge against Plaintiff was dismissed for a finding of no probable cause on January 11, 2007.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### COUNT I – 42 U.S.C. § 1983 - False Arrest

14.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13.

15.    On December 18, 2006, Plaintiff was seized and arrested without a warrant and without probable cause.  This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the

Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. The City denies the remaining allegations in paragraph 17, including all of its subparts.

18.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

## COUNT II – 42 U.S.C. § 1983 - Unlawful Search

19.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1 through 13.

20.     Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

21.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.      As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.      As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.      As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the

misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.  The City denies the remaining allegations in paragraph 21, including all of its subparts.

22.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### **COUNT III – False Imprisonment**

23.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13.

7

24.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28 United States Code § 1367.

**ANSWER:**    The City admits the allegations contained in this paragraph.

25.    On December 18, 2006, Plaintiff was seized and detained without a warrant and without probable cause.  This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

26.    Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent that

they pertain to the City.   The City lacks sufficient knowledge or information to form a belief as to

the truth of the remaining allegations of this paragraph.

27.    The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent that

they pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph.

### COUNT IV – Malicious Prosecution

28.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13.

29.    Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

30.    Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with a willfully and wanton disregard for the truth.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31.    Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

32.    On January 11, 2007, Plaintiff's case was dismissed.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

## COUNT V – Intentional Infliction of Emotional Distress

34.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13.

35.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    The City admits the allegations contained in this paragraph.

36.    Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

37.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

38.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT VI – Conversion

39.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1 through 13.

40.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    The City admits the allegations contained in this paragraph.

41.    On December 18, 2006, Plaintiff was the rightful and legal owner of a 1994 Buick Regal.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10

42.     On this date, Plaintiff had an absolute and unconditional right to the

immediate possession of the vehicle.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of this paragraph.

43.     Defendant Officers and Defendant City wrongfully and without authorization assumed

control and dominion over the vehicle.

**ANSWER:**     The City denies the allegations contained in this paragraph to the extent that they

pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of this paragraph.

44.     At the time of this conversion, Plaintiff made a demand for the possession

of his vehicle.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of this paragraph.

## COUNT VII – State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

45.     Plaintiff re-alleges paragraphs 1 through 13 as if fully re-pleaded herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1 through 12 as if fully set forth

herein.

46.     Illinois law provides that public entities, such as Defendant City, are directed to pay any
compensatory damages on a tort judgment against an employee who was acting within the scope of his
or her employment.

**ANSWER:**     The City states that the allegation of this paragraph contains a vague, incomplete,

or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation

is deemed denied.

47.    At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment.  Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**    The City admits that Defendant Officers Perez and Cortes were employed by the City as police officers at all times relevant to the Complaint.  The City further admits that, on information and belief, that at all times relevant to the Complaint, Defendant Officers Perez and Cortes were acting within the scope of their employment.  The City states that the remaining allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is denied.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

2.    To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3.    Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4.    Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care.  745 ILCS 10/4-105 (2006).

5.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

6.      To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

7.      Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. <u>Wright v. City of Danville</u>, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

8.      Under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

**<u>JURY DEMAND</u>**

The Defendant, City of Chicago, requests a trial by jury.

Respectfully submitted,
MARA S. GEORGES,
Corporation Counsel, City of Chicago

By:     **/s/ *Megan K. McGrath***
        MEGAN K. McGRATH
        Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-3541
Attorney No.  06288408