UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS SOBSCAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 7077 |
| vs. ) | |
| ) | |
| CITY OF CHICAGO, ILLINOIS, and ) | |
| CHICAGO POLICE OFFICER ) | Judge Manning |
| J. J. PEREZ, Star No. 17181, and ) | |
| CHICAGO POLICE OFFICER ) | Magistrate Judge Soat Brown |
| J. L. CORTES, Star No. 16012, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**DEFENDANT PEREZ AND CORTES'S ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Officers, Juan PEREZ, and Juan CORTES, (hereinafter referred to as "Defendants" or "Defendant officers"), by one of their attorneys, Thomas Freitag, Assistant Corporation Counsel, for their Answer, Affirmative Defenses, Fed. R. Civ. P. 12(b)(6) Defenses, and Jury Demand to Plaintiff's Complaint, state as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of plaintiff s rights as secured by the United States Constitution.

   **ANSWER:** Defendants admit the allegations contained in this paragraph, but deny any wrongful or illegal conduct.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

   **ANSWER:** Defendants admit that jurisdiction is proper under the statutory provisions alleged in this paragraph, but deny any wrongful or illegal conduct.

3.     Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendants admit that venue is proper.

## PARTIES

4.     At all times relevant hereto, Plaintiff Chris Sobscak was a 24 year-old male resident of Chicago, Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

5.     At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5, but deny any wrongful or illegal conduct.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Defendants admit, upon information and belief, that the City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois and admit that they are employed by the City of Chicago. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

7.     On or about December 18, 2006, Plaintiff was a passenger in his vehicle which was parked near 3100 W. 58th St., Chicago, Illinois 60629.

**ANSWER:** Defendant Officers admit that on or about December 18, 2006 Plaintiff was a driver in a vehicle near 3100 W. 58th St. Chicago, Ill., but deny any remaining allegations contained in Paragraph 7.

8.     At this time, Defendant Officers approached the vehicle and ordered Plaintiff out of his vehicle and proceeded to search Plaintiff without an arrest warrant, a search warrant, or probable cause to believe that Plaintiff had committed or was committing a crime.

**ANSWER:**     Defendant Officers admit approaching Plaintiff' vehicle and after being unable to produce his driver's license, plaintiff was asked to exit the vehicle and searched, but deny remaining allegations.

9.     At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago

**ANSWER:**     Defendant officers deny the allegations in this paragraph.

10.     During this unconstitutional detention, one of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff.

**ANSWER:**     Defendant officers admit handcuffing Plaintiff and searching the Plaintiff, but deny the remaining allegations in this paragraph.

11.     One or more of the Defendant Officers wrongfully impounded Plaintiff's vehicle.

**ANSWER:**     Defendant officers admit that Plaintiff's vehicle was impounded, but deny any remaining allegations, and any wrongful or illegal conduct.

12.     Following the unconstitutional search, Plaintiff was arrested and taken to the 8th District Chicago Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C, and held in custody for approximately three weeks.

**ANSWER:**     Defendant officers admit that Plaintiff was arrested for possession of a controlled substance and taken to the 8th District Chicago Police Station, but are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was held in custody for approximately three weeks, and further deny any remaining allegations and any wrongful or illegal conduct.

13. This false charge against Plaintiff was dismissed after a finding of no probable cause on January 11, 2007.

**ANSWER:** Defendant Officers admit that the case was dismissed after a finding of no probable cause on January 11, 2007, but deny any remaining allegations and any wrongful or illegal conduct.

### Count 1-42 U.S.C. S 1983 False Arrest

14. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-13 as their answers to Paragraph 14, as if fully stated herein.

15. On December 28, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. These seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

16. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendant officers deny the allegations in this paragraph.

17. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a) As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b) As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and

    will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

  c) As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

  e) The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f) As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

  g) As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h) The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant officers deny the allegations in this paragraph.

18. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant officers deny the allegations in this paragraph.

### Count II - 42 U.S.C. § 1983 Unlawful Search

19. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-13 as their answers to Paragraph 19, as if fully stated herein.

20. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

  a) As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

  b) As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

  c) As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

  e) The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f) As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

 g) As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

 h) The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

22. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

### Count III - False Imprisonment

23. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-13 as their answers to Paragraph 23, as if fully stated herein.

24. Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant admits the allegations contained in paragraph 24 of Plaintiff's Complaint, above, to the extent that Plaintiff purports in his Complaint to have a federal claim in Count I & II, and that such jurisdiction would be proper for that claim, and that Plaintiff purports to have a supplemental state law claim in Count III, and that such jurisdiction would be proper for those state claims as they at relate to Count III. Defendant denies the remaining allegations and complained of conduct.

25. On December 18, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**   Defendant Officers deny the allegations in this paragraph.

26.   Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**   Defendant Officers deny the allegations in this paragraph.

27.   The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**   Defendant Officers deny the allegations in this paragraph.

### Count IV - Malicious Prosecution

28.   Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**   Defendant Officers reassert their answers to Paragraphs 1-13 as their answers to Paragraph 28, as if fully stated herein.

29.   Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**   Defendant Officers admit that they arrested Plaintiff for Possession of a Controlled Substance, and the state's attorney filed charges based upon that arrest, but deny any wrongful or illegal conduct.

30.   Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**   Defendant Officers deny the allegations in this paragraph.

31.   Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**   Defendant Officers deny the allegations in this paragraph.

32.   On January 11, 2007, Plaintiff's case was dismissed.

**ANSWER:** Defendant Officers admit that the case was dismissed after a finding of no probable cause on January 11, 2007, but deny any wrongful or illegal conduct.

33. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

### Count V - Intentional Infliction of Emotional Distress

34. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-13 as their answers to Paragraph 34, as if fully stated herein.

35. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant admits the allegations contained in paragraph 35 of Plaintiff's Complaint, above, to the extent that Plaintiff purports in his Complaint to have a federal claim in Count I & II, and that such jurisdiction would be proper for that claim, and that Plaintiff purports to have a supplemental state law claim in Count V, and that such jurisdiction would be proper for those state claims as they at relate to Count V. Defendant denies the remaining allegations and complained of conduct.

36. Defendant Officers' illegal arrest, unlawful seizure f Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

37. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

38. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs, and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

## Count VI - Conversion

39. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-13 as their answers to Paragraph 39, as if fully stated herein.

40. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant admits the allegations contained in paragraph 40 of Plaintiff's Complaint, above, to the extent that Plaintiff purports in his Complaint to have a federal claim in Count I & II, and that such jurisdiction would be proper for that claim, and that Plaintiff purports to have a supplemental state law claim in Count VI, and that such jurisdiction would be proper for those state claims as they at relate to Count VI. Defendant denies the remaining allegations and complained of conduct.

41. On December 18, 2006, Plaintiff was the rightful and legal owner of a 1994 Buick Regal.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. On this date, Plaintiff had an absolute and unconditional right to the immediate possession of the vehicle.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the ownership of the vehicle, and deny any remaining allegations.

43. Defendant Officers and Defendant Cit wrongfully and without authorization assumed control and dominion over the vehicle.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

44. At the time of this conversion, Plaintiff made a demand for the possession of his vehicle.

**ANSWER:** Defendant Officers deny the allegations in this paragraph.

### Count VII - State Law Claims Against Defendant City
### *Respondeat Superior* **and Indemnification**

45. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-13 as their answers to Paragraph 45, as if fully stated herein.

46. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendant Officers object to the allegations contained in paragraph 46 of Count VII of Plaintiff's Complaint, above, to the extent they seek a legal conclusion. Without waiving said objection, Defendant Officers are without the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Count VII of Plaintiff's Complaint, above.

47. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:** Defendant Officers admit that at all times relevant to Plaintiff's Complaint, they were acting within the scope of his employment as Chicago Police Officers. Defendant Officers object to the remaining allegations contained in this paragraph of Plaintiff's Complaint, above, to the extent they seek a legal conclusion. Without waiving said objection, Defendant Officers are without the knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint, above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendants are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201 (West 2006).

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendants were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

### FOURTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant is not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (West 2006).

### FIFTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208(West 2006

### SIXTH AFFIRMATIVE DEFENSE:
### STATE DAMAGE TO PROPERTY CLAIMS

Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by

entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209 (2006).

### SEVENTH AFFIRMATIVE DEFENSE
### STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### EIGHTH AFFIRMATIVE DEFENSE:
### MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle thatPlaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### FED. RULE CIV. PRO. 12(b)(6) DEFENSES
### FIRST 12(b)(6) DEFENSE:
### PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS

An award of punitive damages would deprive Defendant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(B) the award of punitive damages is disproportionate to actual damages.

### SECOND 12(b)(6) DEFENSE:
### FAILURE OF INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS CLAIM

Count V of Plaintiff's Complaint fails to state a claim upon which relief may be granted, for the matters alleged by plaintiff in regard to his claim for intentional infliction of emotional distress are not sufficiently extreme and outrageous to satisfy Illinois law.

### THIRD 12(B)(6) DEFENSE:
### MALICIOUS PROSECUTION
### NOT A CAUSE OF ACTION UNDER 42 U.S.C. § 1983

To the extent Plaintiffs are claiming separate federal causes of action for "malicious prosecution" outside of the context of their claims for false arrest, those claims should be dismissed. "Malicious prosecution" does not constitute a federal cause of action under 42 U.S.C. § 1983 independent from claims for false arrest.

## CONCLUSION

WHEREFORE, Defendants Juan PEREZ, and Juan CORTES respectfully requests that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendants Juan PEREZ, and Juan CORTES hereby demand a jury trial for all issues so triable.

                                        Respectfully submitted,
                                        JUAN PEREZ,
                                        and, JUAN CORTES
                                        By one of their attorneys,

Thomas Freitag
30 N. LaSalle Street                        */S/ Thomas H. Freitag*
Suite 1400                                   THOMAS H. FREITAG
Chicago, Illinois 60602                Assistant Corporation Counsel
(312) 742-7391
(312) 744-6566 (FAX)

ATTY. NO. 06272245